IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**ELIZAR GONZALES,**                                                          **PLAINTIFF**
**Individually and on behalf of**
**All Others Similarly Situated**

vs.                                          No. 7:17-cv-111

**ALLIED EAGLE TRANSPORTS, LLC,**
**and JOSE PENA**                                             **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Elizar Gonzales ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Allied Eagle Transports, LLC, and Jose Pena (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and other similarly situated individuals overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. A substantial part of the acts complained of herein were committed and had their principal effect within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

4. Plaintiff Elizar Gonzales is an individual and resident of New Mexico.

5. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a Driver and non-exempt from the requirements of the FLSA.

6. Defendant Allied Eagle Transports, LLC ("Allied"), is a domestic for-profit limited liability company, registered to do business in the State of Texas, providing delivery services to oil and gas wells throughout Texas.

7. Allied's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

8. During each of the three years preceding the filing of this Complaint, Allied employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce, including but not limited to, vehicles, drilling equipment, pump equipment, and various

hand-tools, at least some of which had been moved in or produced for interstate commerce.

9. Allied is headquartered at 13581 West 57th Street, Odessa, Texas 79764-9567.

10. HR and other payment decisions and directives are made at Allied's headquarters.

11. The agent for service for Allied is United States Corporation Agents, Inc., located at 9900 Spectrum Drive, Austin, Texas 78717.

12. Defendant Jose Pena ("Pena") is a principal, director and/or officer of Allied.

13. Upon information and belief, Defendant Pena controls or has the right to control the day-to-day operations of Defendant Allied such that he is liable to Plaintiff as an employer under the FLSA.

14. Defendant Pena established and/or maintained the policies at issue in this case.

15. Defendant Pena was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

18. During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a Driver.

19. As a Driver, Plaintiff's primary duties were to deliver water to well sites.

20. Plaintiff and other similarly-situated employees were classified as hourly employees.

21. During Plaintiff's employment as a Driver, he was paid an hourly rate. Plaintiff's annual compensation was not less than $455.00 per week.

22. During his shifts, Plaintiff always worked in excess of forty (40) hours per week throughout his tenure with Defendants.

23. Plaintiff has not received any overtime compensation during weeks in which he worked more than forty hours.

24. Plaintiff and the other Drivers were and are entitled to 1.5 times their regular rate of pay for hours worked in excess of 40 in a week.

25. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Drivers violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

26. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Drivers and/or who were or are employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

27. Plaintiff is unable to state the exact number of the class but believes that the classes membership exceeds 30 persons but is less than 150 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

28. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

29. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

30. The phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone number as soon as possible.

31. Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email and text message just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

32. The proposed FLSA class members are similarly situated in that they share these traits:

i. They performed the same or similar job duties;

ii. They were subject to Defendants' common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week;

iii. They were subject to numerous other common policies and practices as described *supra*.

## VI. LEGAL ALLEGATIONS

33. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. Individual Claim for FLSA Overtime Violations

34. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

35. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

36. Defendants knew or should have known of its obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

37. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

### B. Collective Action Claims for Violation of the FLSA

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. In addition to his individual claims against Defendants, Plaintiff brings claims for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period.

40. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each person who worked as a Driver for Defendants at any time during the three years preceding the filing of the Original Complaint.**

41. Throughout the statute of limitations period covered by these claims, Plaintiff and Putative Class Members regularly worked in excess of forty (40) hours per week, and Putative Class Members continue to do so.

42. At all relevant times, Defendants operated under common policies, plans and practices of failing and refusing to pay Plaintiff and Putative Class Members at one-and-one-half times their regular rate for work in excess of forty (40) in each workweek in violation of the FLSA.

43. Defendants knew or should have known of its obligation to pay the Putative Class Members at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

44. Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendants are liable to Putative Class Members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Elizar Gonzales, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A.  That each Defendant be summoned to appear and answer herein;

B.  That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C.  A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.  Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

E.  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period;

G.  An order directing Defendants to pay Plaintiff and Putative Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

Page 8 of 9
*Elizar Gonzales, et al. v. Allied Eagle Transports, LLC, et al.*
U.S.D.C. (W.D. Tex.) Case No. 7:17-cv-111
Original Complaint—Collective Action

H. Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **ELIZAR GONZALES, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com